## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**JEFFREY ALLEN NALLY,**

       **Plaintiff,**

**v.**                                           **Civil Action No.  1:17cv66**
                                                          **(Judge Kleeh)**

**JAMES W. DAVIS, Prosecuting Attorney, and**
**JASON CUOMO, Judge,**

       **Defendants.**

### REPORT AND RECOMMENDATION

The *pro se* Plaintiff, Jeffrey Allen Nally ("Nally"), an inmate at Huttonsville Correctional Center ("HCC") in Huttonsville, West Virginia,  initiated this case by filing a state civil rights complaint pursuant to 42 U.S.C. § 1983 on April 25, 2017.  ECF No. 1. Along with his complaint he filed a motion to proceed as a pauper with supporting documents. ECF Nos. 2, 3, 4. On April 28, 2017, Plaintiff filed a motion for appointed counsel; it was denied by Order entered May 1, 2017.  ECF Nos. 7, 8.  Also on May 1, 2017, Plaintiff was granted permission to proceed as a pauper but directed to pay an initial partial filing fee ("IPFF"). ECF No. 9.

On May 18, 2017, before the undersigned had directed the Defendants to answer the complaint, Defendant Davis filed a motion to dismiss.  ECF No. 14.  On May 22, 2017, Plaintiff filed a response in opposition.  ECF No. 16.

Plaintiff paid his IPFF on May 23, 2017. ECF No. 17. On May 30, 2017, Plaintiff filed a copy of a Freedom of Information Request to the Circuit Court of Hancock County, West Virginia. ECF No. 19.

On May 31, 2017, Defendant Davis moved for leave to withdraw his motion to dismiss. ECF No. 20. By Order entered June 6, 2017, Defendant Davis' motion was granted. ECF No. 21.

By Miscellaneous Case Order entered November 30, 2018, this case was transferred from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 27.

On January 31, 2019, Plaintiff filed a "to whom it may concern" letter with the court regarding an unsuccessful motion for sentence reduction he filed in Hancock County Circuit Court. ECF No. 28.

On April 5, 2019, Plaintiff filed a Motion for Hearing and Transport Order and Immediate Release, attaching a copy of a *pro se* motion for the same, purportedly filed in Hancock County Circuit Court, and dated March 31, 2019. ECF Nos. 29, 29-1.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

## I. Factual and Procedural History[1]

In April, 2011, Nally was indicted in a thirty-one count indictment returned by a Grand Jury sitting in the Circuit Court of Hancock County on one count of Second Degree Sexual Assault, in violation of W.Va. Code §61-8B-4;[2] twenty-nine counts of animal cruelty, in violation of W.Va. Code §61-8-119b; and one count of kidnapping, in violation of W.Va. Code §61-2-14a.

On April 4, 2012, pursuant to a plea agreement, Nally entered a plea of guilty to one count of a Prohibited Person in Possession of a Firearm and nine counts of animal cruelty. By Order entered April 18, 2012, Nally was sentenced to one year[3] on the firearms charge and no

---

[1] The details of Plaintiff's underlying criminal prosecution were obtained from the record of a § 2254 petition for habeas that Plaintiff previously filed in this Court in Case No. 5:12cv85.

[2] This count was severed from the remaining counts and was later dismissed, after the State and the court concluded it would be difficult to establish that a crime had occurred in the matter.  See Case No. 5:12cv85, ECF No. 21-3 at 4.

[3] Petitioner had already served this one-year sentence by the time he was sentenced, so the 10 – 45-year sentence was in effect a 9 – 45 year sentence.

less than one nor more than five years on each of the nine counts of animal cruelty, to be served consecutively, for a total prison sentence of not less than ten nor more than forty-five years. The State agreed to dismiss the remaining counts in the indictment; not to pursue a recidivist charge pursuant to W.Va. Code §61-11-18; and if Nally had no major infractions or other criminal conduct during the first five years of his sentence, that he could petition the trial court for a Rule 35 motion for a sentence reduction and it would be granted.  He would then be placed on probation for five years.

Nally did not appeal his conviction.

On June 12, 2012, Nally filed a *pro se* petition for writ of habeas corpus with the Circuit Court of Hancock County, raising four claims: 1) his conviction was the result of an unconstitutional search and seizure;  2) counsel provided ineffective assistance; 3) his conviction was obtained by means of a Brady[4] violation; and 4) his plea was involuntary. By Memorandum Order entered June 16, 2012, the state habeas court denied the petition in its entirety.  Nally did not appeal the Order to the West Virginia Supreme Court of Appeals ("WVSCA").

On June 12, 2012, the same day he filed his *pro se* state court habeas petition, Nally also filed a federal habeas petition under 28 U.S.C. § 2254 in this court,[5] asserting that 1)   the presiding judge briefly fell asleep during a pretrial hearing; 2) James Carey, his public defender, was ineffective for not calling witnesses petitioner wanted and "not fighting for" him; 3) West Virginia State Trooper Larry Roberts and Scott Swan of the Hancock County Sheriff's Department conducted an illegal and unconstitutional search of Nally's house, only obtaining a search warrant after the fact; and 4) the prosecutor, James Davis, Jr., sent him a letter threatening him with "life in prison," and advising that "money is practley [sic] free for this state must I

---

[4] Brady v. Maryland, 373 U.S. 83 (1963).

[5] See Case No. 5:12cv85.

remind you." On September 25, 2012, Magistrate Judge James E. Seibert entered a Report and Recommendation ("R&R") recommending that the Nally's § 2254 petition be denied for failure to exhaust his state court remedies and as procedurally defaulted. The R&R was adopted by the Honorable Frederick P. Stamp, Jr., United States District Judge, on February 13, 2013, and the case dismissed.

In the instant civil rights complaint, Nally asserts that

1) he never received a hearing in state court on his Rule 35 motion to develop the record [ECF No. 1 at 7];

2) the state breached the plea agreement [id. at 8]; and

3) it was a violation of equal protection to charge him with felonies instead of misdemeanors. Id. at 8.

Nally denies having exhausted his claims with the prison's administrative grievance system because "this has to do with court issue's [sic] not prison grievance system." Id. at 5.

As relief, because the plea agreement was breached and he was wrongfully sentenced, he seeks a "fair sentence without discrimination." Id. at 11.

Attached to Nally's complaint is a copy of a February 22, 2017 Defendant's Response to State's Motion to Deny Defendant's Rule 35 Modification Request, filed in the Circuit Court of Hancock County, West Virginia [ECF No. 1-2]; a copy of a March 7, 2017 Order Denying Defendant's Rule 35 Modification Request, signed by Defendant Judge Jason Cuomo [ECF No. 1-3]; and a copy of a March 8, 2017 cover letter from Nally's defense attorney William Galloway, to Nally and one Margaret Haught, explaining *inter alia*, that **the reason for the March 7, 2017  denial of Nally's Rule 35 Modification request was that reports from the prison indicated that Nally had "violated substantial terms of his incarceration, which violated the terms and conditions of the Plea Agreement."** ECF No. 1-4 at 1 (emphasis

added). He advised that Nally had 30 days to appeal the order, but that "in view of the reports of Mr. Nally's violations of the substantial terms of incarceration that would result in a denial of the Rule 35 Modification request if they were shown to be accurate during a hearing, I will not be filing an appeal for Mr. Nalley [sic]." Id.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[6] or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Analysis

The dismissal of the instant § 1983 action is mandated by the holdings in Preiser v. Rodriguez, 411 U.S. 475 (1973).  In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a

---

[6]  Id. at 327.

determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. In the instant case, the Plaintiff's requests for declaratory and injunctive relief amount to a request to grant habeas corpus relief. It is clear from the record that the Plaintiff has not exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. See 28 U.S.C. § 2254(b)(1)(A). Moreover, both defendants are immune from prosecution.

### Defendants' Immunity from Prosecution

A review of the complaint reveals that Plaintiff makes no specific allegations against either Defendant Davis, the Hancock County Prosecuting Attorney or Defendant Cuomo, the presiding judge in his underlying criminal case, other than to impliedly allege that "the state" breached the plea agreement by not releasing him within six years and by not granting his Rule 35 Modification Request to have his sentence modified.

With regard to the allegations against Defendant Davis, prosecuting attorneys are absolutely immune from individual liability when performing prosecutorial functions. Imbler v.Pachtman, 424 U.S. 409 (1976); Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999). As this Court has previously noted, "[p]rosecutors enjoy absolute immunity from civil liability for prosecutorial functions such as, initiating and pursuing a criminal prosecution, presenting a case at trial, and other conduct that is intricately associated with the judicial process . . . It has been said that absolute immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding." Alderman v. Price, 2012 WL 12906283, at *4 (N.D. W.Va. Dec. 14, 2012) (Bailey, J.).

There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S.at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

Upon review, this Court finds that all of the implied allegations in plaintiff's Complaint against Defendant Davis involve Davis acting in his role as a prosecutor and advocate for the state, and occurred during the performance of Davis' prosecutorial functions. Accordingly, Defendant Davis is immune from prosecution and should be dismissed from this action.

With regard to the implied allegations against Defendant Judge Cuomo, a judge is shielded from civil liability for his or her judicial actions. Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099 (1978). This broad shield against civil liability can only be overcome in two ways. First, a judge is not immune from liability for his or her non-judicial actions. Secondly, a judge is not immune if he or she acts in the complete absence of all jurisdiction. Stump, 435 U.S. at 360-362, 98 S. Ct. at 1106-08. Allegations of malice, corruption, conspiracy or grave procedural errors are not, however, sufficient to overcome judicial immunity. Dennis v. Sparks, 449 U.S. 24, 31, 101 S. Ct. 183, 188 (1980); Stump, 435 U.S. at 359, 98 S. Ct. at 1106. Here, the Plaintiff has failed to set forth sufficient facts to demonstrate that Judge Cuomo acted without jurisdiction or did not act in a judicial manner. Thus, Judge Cuomo is entitled to immunity and the undersigned recommends that the complaint, as it pertains to Judge Cuomo, be dismissed.

Here, the Plaintiff's clear attempt to collaterally attack his criminal conviction and sentence through a civil suit has no chance of success, given that both Defendants are immune from prosecution, and this case is due to be dismissed.

## IV.   Recommendation

For the foregoing reasons, the undersigned recommends that the Plaintiff's complaint [ECF No. 1] be **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for the failure to state a claim.

Further, the undersigned **RECOMMENDS** that Plaintiff's pending Motion for Hearing and Transport Order and Immediate Release [ECF No. 29] be **DISMISSED as moot**.

The parties are notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: May 1, 2019

/s/ *Michael John Aloi*
MICHAEL  JOHN ALOI
UNITED STATES MAGISTRATE JUDGE