```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JEFFREY ALLEN NALLY,**

    **Plaintiff,**

**v.**                                          **Civ. Action No. 1:17-CV-66**
                                                                                                                                    **(Kleeh)**

**JAMES W. DAVIS,**
**Prosecuting Attorney, and**
**JASON CUOMO, Judge,**

    **Defendants.**

---

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING AND TRANSPORT ORDER [ECF NO. 29], AND DISMISSING COMPLAINT**

Pending before the Court is a Report and Recommendation ("R&R") [ECF No. 30] entered by United States Magistrate Judge Michael J. Aloi ("Judge Aloi"), along with a pro se Motion for Hearing and Transport Order [ECF No. 29]. Judge Aloi recommends that the Court dismiss the Plaintiff's Complaint with prejudice and dismiss the Motion for Hearing and Transport Order as moot. For the reasons discussed below, the Court adopts the R&R in its entirety.

**I.    PROCEDURAL HISTORY**

On April 25, 2017, the Plaintiff, Jeffrey Allen Nally ("Plaintiff"), filed an action pursuant to 42 U.S.C. § 1983 against the Defendants, Hancock County Assistant Prosecutor James W. Davis ("Davis") and Hancock County Circuit Judge Jason Cuomo ("Cuomo")

**NALLY V. DAVIS**                                          **1:17-CV-66**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING AND TRANSPORT ORDER [ECF NO. 29], AND DISMISSING COMPLAINT**

(together, "Defendants"). ECF No. 1. Judge Aloi denied two requests by Plaintiff for court-appointed counsel, finding that he did not make the required showing of extraordinary circumstances. ECF Nos. 8, 12. Plaintiff proceeded in forma pauperis in this case. ECF No. 9. Davis filed a motion to dismiss and then withdrew the motion because it was premature. See ECF No. 21. On May 1, 2019, Judge Aloi entered his R&R.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. BACKGROUND

The Court has reviewed the Factual and Procedural History included in the R&R. Noting that there were no objections by Plaintiff to the background information, and finding no clear

**NALLY V. DAVIS**  1:17-CV-66

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING AND TRANSPORT ORDER [ECF NO. 29], AND DISMISSING COMPLAINT**

error, the Court adopts the R&R's Factual and Procedural History[1] and incorporates it by reference herein.

Plaintiff now alleges the following: (1) that he never received a hearing in state court on his Rule 35 motion to develop the record; (2) that the state breached his plea agreement; and (3) that it was a violation of equal protection to charge him with felonies rather than misdemeanors. As relief, he seeks a "fair sentence without discrimination." Compl., ECF No. 1, at 11.

The R&R recommends dismissal of this action. Plaintiff filed two specific objections:

 (1) Plaintiff argues that the plea agreement was violated because he was entitled to a Rule 35 sentence reduction after five years served. Plaintiff believes he is entitled to a sentence reduction hearing or the opportunity to put on evidence before the judge.

 (2) Plaintiff argues that his Equal Protection rights were violated because he received felony counts for animal cruelty. He claims that others accused of the same crimes have been charged with misdemeanors and/or received more lenient sentences.

The Court will review the two objections de novo and the remainder of the R&R for clear error.

---

[1] The Factual and Procedural History is located at pages 2–5 of the R&R.

**NALLY V. DAVIS**  1:17-CV-66

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING AND TRANSPORT ORDER [ECF NO. 29], AND DISMISSING COMPLAINT**

## IV. DISCUSSION

The Magistrate Judge is correct that Plaintiff's sole avenue to relief lies in a habeas corpus action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Plaintiff has not exhausted his available state court habeas corpus remedies, so this Court cannot presently grant him the relief he seeks. See 28 U.S.C. § 2254(b)(1)(A).

Further, the Magistrate Judge is correct that Davis (the prosecutor) and Cuomo (the judge) are entitled to qualified immunity. Prosecutors are immune from civil liability when performing their prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409 (1976); see also Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999). Judges are also shielded from civil liability for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff's allegations relate to Davis's and Cuomo's performance of their official duties. As such, all of Plaintiff's claims in his Complaint fail, and his objections are overruled.

**NALLY V. DAVIS** 1:17-CV-66

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 30], DENYING AS MOOT PLAINTIFF'S MOTION FOR HEARING AND TRANSPORT ORDER [ECF NO. 29], AND DISMISSING COMPLAINT**

## V. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the R&R [ECF No. 30] and **OVERRULES** Plaintiff's objections. The Court **ORDERS** that this action be **DISMISSED WITH PREJUDICE**. The Court **DISMISSES AS MOOT** the pending Motion for Hearing and Transport Order [ECF No. 29].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and Plaintiff, via certified mail, return receipt requested.

DATED: February 21, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE